EXXON CORPORATION, etc., Plaintiff,

v.

HALCON SHIPPING CO., LTD.,
et al., Defendants.

Civ. A. No. 91–920.

United States District Court,
D. New Jersey.

June 14, 1994.

Patrick J. Conlon and Lawrence R. Maddock, Carlin, Maddock, Fay & Cerbone, Florham Park, NJ, for plaintiff.

Richard V. Singleton and Leroy Lambert, Healy & Baillie, Millburn, NJ, for defendants.

## OPINION

WOLIN, District Judge.

This is an appeal by the Exxon Corporation ("Exxon") pursuant to Rule 40D(4)(a) of the General Rules of the United States District Court for the District of New Jersey. Exxon seeks reversal of the decision of United States Magistrate Judge Pisano, entered on May 3, 1994, by which George Mara was precluded as a witness in the liability phase of the trial. For the reasons set forth below, the Court will deny the appeal and affirm Magistrate Judge Pisano's decision.

## BACKGROUND

This case involves an environmental tort claim and a maritime indemnification action by plaintiff Exxon against defendants Halcon Shipping Co. ("Halcon") and McAllister Tow-

ing and Transportation Co., Inc. ("McAllister"). The facts relevant to the appeal follow.

On September 29, 1992, the Court ordered that:

Not later than October 30, 1992, Exxon shall serve on defendants copies of the reports of any proposed expert witnesses. Any such report is to be in the form and content as required by Civil Rule 26(b)(4)(A)(i).

When Exxon failed to provide the expert reports, the Court issued an amended scheduling order, extending to January 15, 1993, Exxon's deadline to produce expert witness reports.

Exxon asserted its inability to meet the new deadline. The Court again granted Exxon an extension, setting a January 22, 1993 date. Counsel for Exxon acknowledged that further extensions would be inappropriate.

After Exxon increased its damages claim, *see*, Opinion of February 22, 1993, p. 5, n. 2, the Court, on September 13, 1993, amended the pretrial scheduling order. The newly amended order established an October 8, 1993 deadline for additional experts. On October 8th, Exxon provided the reports of five experts: Ragnar O. Mattson; James T. Powers; Robert J. Eiber; Steven Pellettier; and Andrew C. Henry. Exxon did not include George Mara on this list.

Exxon subsequently requested and was granted court permission to again inspect the tug MARGARET McALLISTER. On January 17, 1993, Exxon produced a new report from its expert Robert J. Eiber. This new report changed Exxon's main theory of how the pipeline was damaged, alleging that the tug damaged the pipeline, not by striking the pipeline directly, as was asserted before, but by sliding along its surface. This late change of an essential theory of harm prompted the Court to grant McAllister further discovery regarding Exxon's examination of the pipe.[1]

Exxon, in a March 25, 1994 letter, indicated for the first time its intent to designate

George Mara as an expert witness for the damages phase of the trial. McAllister contested the designation and, on April 5, 1994, filed the instant motion seeking to preclude Exxon from calling Mr. Mara at both the liability and damages phases of the trial. Exxon opposed on April 14, 1994.

While this motion was pending, and pursuant to the court's grant of further discovery, McAllister produced an amended report from its expert witnesses Douglas Chisolm and D.A. Olson. This report challenged the conclusions of the recent Eiber report, and stated a basis for defendant's denial of Exxon's allegations. In response, Exxon again attempted to designate Mara as an expert, this time as a rebuttal witness for the liability stage of trial. Exxon justified its move with a new Mara report specifically rebutting the amended opinions of Chisolm and Olson. McAllister objected to the attempt to classify Mara as a rebuttal expert witness.

By Order entered May 3, 1994, from which the instant appeal lies, Magistrate Judge Pisano granted McAllister's motion to preclude Mara from testifying as a witness in the liability stage of the trial. He denied, without prejudice, the motion to preclude Mara from testifying at the damages phase of the trial.

In this appeal, Exxon contends that the Court should deny the motion to preclude Mara as a rebuttal witness. That is, Exxon argues that Magistrate Judge Pisano's decision greatly prejudices Exxon, and is both clearly erroneous and contrary to law.

## DISCUSSION

The adjudication by a magistrate of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* Fed.R.Civ.P. 72(a); General Rule 40D(4) of the U.S.Dist.Ct. for the Dist. of N.J. A finding is clearly errone-

---

1. On February 1, 1994, the Court entered an Order of Bifurcation which scheduled the case through the liability stage of the trial. The Order

did not provide for the designation of additional witnesses.

ous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Furthermore, courts greatly defer to a magistrate's determination of a non-dispositive matter, and will reverse only for an abuse of discretion. *See Environmental Tectonics v. W.S. Kirkpatrick & Co.*, 659 F.Supp. 1381, 1399 (D.N.J.1987) (citing cases), *aff'd in part, rev'd in part*, 847 F.2d 1052 (3d Cir.1988), *aff'd*, 493 U.S. 400, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990); *see also Schroeder v. Boeing Commercial Airplane Co.*, 123 F.R.D. 166, 169 (D.N.J.1988) (magistrate has wide discretion provided opinion is based on clearly articulated principles). The burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law. *See Environmental Tectonics*, 659 F.Supp. at 1399.

Magistrate Judge Pisano's decision to preclude Mara falls within the authority accorded by the Federal Rules of Civil Procedure. His decision, therefore, is not contrary to law. Rule 16(f) enables a judge to sanction a party in violation of a pre-trial or scheduling order.[2] Fed.R.Civ.P. 16(f). Upon finding a violation, a judge may, for example, preclude expert witness testimony. Fed.R.Civ.P. 37(b)(2)(B); *see also, Bradgate Associates, Inc., v. Fellows, Read & Associates, Inc.*, Civ. No. 90–2370, 1992 WL 88122, 1992 U.S.Dist. Lexis 4668 (D.N.J. March 16, 1992) (precluding witness testimony after discovery deadline has passed).

 Having determined that Magistrate Judge Pisano did not decide contrary to law, the Court now must consider whether his ruling was clearly erroneous. The standard of review for this significant pre-trial decision was stated by the Third Circuit in *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894, 904 (3d Cir.1977), *overruled on other grounds, Goodman v. Lukens*

*Steel*, 777 F.2d 113 (3d Cir.1985), *aff'd*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). *Meyers* set forth four factors a court must consider before precluding witness testimony for a violation of a pre-trial order. *Id.* at 904. These factors are: (1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified; (2) the ability of the party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the Court; and (4) bad faith or willfulness in failing to comply with the Court's order. *Id.* at 904. Contrary to Exxon's characterization, *Meyers* advocates the balancing of these four factors. *See DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201–02 (3d Cir.1978); *Franklin Music v. American Broadcasting Companies*, 616 F.2d 528 (3d Cir.1979); *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289 (3d Cir.1991).

Examining the *Meyers* factors and the facts of this case, the Court finds that Magistrate Judge Pisano's order was not clearly erroneous. The Court must begin by affording great weight to Magistrate Judge Pisano's decision that the second Mara report is direct in nature, as this finding falls within his discretion. Based upon this decision, Exxon's use of a direct expert would greatly prejudice McAllister. At the time of Magistrate Judge Pisano's decision, the Court had set a May 31, 1994 trial date. While the Court adjourned this date, it has placed the parties on twenty-four hour notice as the court awaits the end of another trial. In either instance, McAllister would be greatly disadvantaged by the inclusion of a direct witness on the eve of trial. Second, time constraints presented by the tardy designation of Mara underscore McAllister's difficulty in curing the prejudice. Third, while the exclusion of expert witness testimony is a drastic sanction, the Court understands the need to maintain control over the discovery process. Likewise, parties are entitled to, "some certainty as to their preparation for

---

**2.** Contrary to Exxon's contention, the Rules do not suggest that a court has a lesser degree of discretion when imposing sanctions for violations of scheduling orders. Rule 16(f) expressly empowers a court to sanction a party in violation of either a scheduling or a pre-trial order. Nowhere under 16(f) does the Court find a distinction between the two types of orders.

trial, and if newly designated experts ... [are] permitted to enter upon the scene without limitation the need for discovery could be endless." Opinion, at 5. Extended discovery would require further postponement of the court date, and would clearly disrupt the order and efficiency of trial. Fourth, Exxon failed to conform with the instant and previous scheduling orders. Exxon's explanation for its late designation of Mara does not qualify as excusable neglect. The repeated violations of the scheduling orders, coupled with Exxon's unsatisfactory explanation for the instant violation may be characterized fairly as a willful and bad faith breach intended to, "circumvent the terms of the case management orders." Opinion, at 6.

Since Magistrate Judge Pisano's decision satisfies *Meyers*, his decision is not contrary to law. Furthermore, any prejudice suffered by Exxon will be offset by its ability to cross-examine and depose McAllister's witnesses, Olson and Chisolm, as well as its opportunity to call Mara as an expert witness for the damages phase of the trial. The Court, therefore, concludes that Magistrate Judge Pisano's decision was not clearly erroneous.

## CONCLUSION

For the reasons stated above, this Court will deny Exxon's appeal of Magistrate Judge Pisano's Order entered May 3, 1994, granting McAllister's motion to preclude George Mara testifying as a witness in the liability stage of the trial.